# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEVEN STEGALL, ) <br> ) <br> Defendant. ) <br> _____) | CRIMINAL ACTION <br><br> No. 12-20083-37-KHV |

## ORDER

This matter is before the Court on defendant's <u>Motion For Temporary Bereavement Release</u> (Doc. #1188) filed February 14, 2014. Defendant seeks temporary release pending sentence so that he can attend the funeral of his grandmother. Government counsel has notified the Court that the government does not oppose defendant's motion. Even so, the Court overrules defendant's request for release.

Title 18, United States Code, Section 3145(c) provides as follows:

A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c). Defendant does not dispute that he is subject to detention pursuant to Section 3143(a)(2). To warrant release in these circumstances, defendant must (1) show by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released, 18 U.S.C. § 3143(a)(1), and (2) clearly show exceptional reasons why his detention would not be appropriate, 18 U.S.C. § 3145(c).

Defendant has failed to show by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. On November 13, 2012, United States Magistrate Judge James P. O'Hara ordered defendant detained. See Order Of Detention Pending Trial (Doc. #493). Judge O'Hara found that defendant had not rebutted the presumption of detention and that no condition or combination of conditions would reasonably assure the appearance of defendant as required and the safety of the community. See id. Defendant has not offered any new information which would warrant a different finding on these factors. Defendant faces a mandatory minimum sentence of 120 months in prison with an estimated guideline range of 151 to 188 months. See Presentence Investigation Report (Doc. #1172) ¶¶ 180-81. Based on the presentence report and the prior findings by Judge O'Hara, defendant has not shown by clear and convincing evidence that if released, he is not likely to flee or pose a danger to the safety of any other person or the community. Because defendant has not satisfied the conditions of release set forth in 18 U.S.C. § 3143(a)(1), the Court need not address whether defendant has shown "exceptional circumstances" under Section 3145(c). Accordingly, the Court overrules defendant's motion for temporary release.[1]

**IT IS THEREFORE ORDERED** that defendant's Motion For Temporary Bereavement Release (Doc. #1188) filed February 14, 2014 be and hereby is **OVERRULED**.

---

[1] Defendant argues that his situation is analogous to the one in United States v. Kenney, No. CR-07-66, 2009 WL 5217031 (D. Me. Dec. 30, 2009) where the district court allowed defendant to be released pending sentencing so that she could attend the funeral of her grandmother. In Kenney, however, the defendant was on pretrial release until she pled guilty so the district court's finding regarding her potential for flight and danger to others was consistent with its prior release order. As noted, defendant here was detained because of the likelihood of flight and danger to the safety of others and the community, and defendant has not shown any changed circumstances as to these factors.

Dated this 17th day of February, 2014 at Kansas City, Kansas.

                                                  <u>s/ Kathryn H. Vratil</u>
                                                  KATHRYN H. VRATIL
                                                  United States District Judge